UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| CROWN HOLDINGS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 4:15-cv-00013-SEB-TAB |
| | ) | |
| BERKLEY RISK ADMINISTRATORS | ) | |
| COMPANY, LLC, | ) | |
| WALDRIP DEVELOPMENT OF IND., | ) | |
| LLC, | ) | |
| TODD  WALDRIP, | ) | |
| JOHN  DOE, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON DEFENDANT BERKLEY RISK ADMINISTRATORS COMPANY, LLC'S MOTION TO DISMISS**

This cause is before the Court on the Motion to Dismiss Amended Complaint filed

by Defendant Berkley Risk Administrators Company, LLC ("Berkley") on June 24, 2015,

pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  Plaintiff

Crown Holdings, LLC ("Crown Holdings") alleges in its Amended Complaint that

Berkley aided and abetted civil fraud.  For the reasons detailed below, we GRANT

Defendant Berkley's motion to dismiss.

**Factual Background**

Berkley is a Minnesota limited liability company in the business of adjusting

insurance claims.  During the relevant time period, Defendant Waldrip Development of

1

Indiana, LLC ("Waldrip Development") owned the post office in Henryville, Indiana, and

Defendant Todd Waldrip owned and managed Waldrip Development.

On March 3, 2012, a tornado damaged the roof of the building housing the post office.

Berkley was the third party claims adjuster for a claim asserted by Waldrip Development

related to the tornado damage sustained by the post office.  Pursuant to the lease, Waldrip

Development was contractually obligated to repair the damage to the roof of the building.

Berkley originally issued a joint check to Waldrip Development and the mortgage holder

of the property in settlement of the claim.  At the request of Waldrip Development,

however, Berkley subsequently cancelled the joint check and made the check directly

payable to a friend of Mr. Waldrip and another unknown individual.  Mr. Waldrip then

misappropriated the funds and failed to use the insurance proceeds to repair the building.

Instead, the lessee of the building, the United States Post Office ("USPS"), completed the

repairs at its own expense on November 8, 2012.

At this same time, Waldrip Development was experiencing financial difficulties

and its lender filed a foreclosure action in Clark Circuit Court II.  On February 28, 2013,

Crown Holdings purchased the building housing the post office as part of the foreclosure

action.  On March 8, 2013, the USPS sent a demand letter to Waldrip Development

requesting reimbursement for $45,274.42, the cost of the repairs.  This letter was not sent

to Crown Holdings.  The USPS then negotiated an assignment of the Waldrip

development lease with Crown Holdings.  Throughout these negotiations, neither Crown

Holdings nor the agent for USPS who negotiated the assignment was aware that the

USPS had paid for the repairs to the roof.  More than a year after the assignment, the

USPS began deducting the cost of the building repairs from rent owed to Crown Holdings under the lease.

On January 28, 2015, Crown Holdings filed its complaint in this action.  Crown Holdings amended its complaint on June 23, 2015, alleging various claims against various defendants.  The only claim brought against Berkley in the Amended Complaint is a common law claim for aiding and abetting civil fraud.  Berkley has now moved to dismiss that claim.

**Legal Analysis**

**I.      Standard of Review**

Berkley has filed its motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  In this procedural context, the Court must accept as true all well-pled factual allegations in the complaint and draw all ensuing inferences in favor of the non-movant. *Lake v. Neal*, 585 F.3d 1059, 1060 (7th Cir. 2009).  Nevertheless, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," and its "[f]actual allegations must . . . raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (citations omitted).  The complaint must therefore include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see* Fed. R. Civ. P. 8(a)(2).  Stated otherwise, a facially plausible complaint is one which permits "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**II.     Discussion**

Berkley first argues that Crown Holdings fails to state a valid claim for "aiding

and abetting a civil fraud" because no such tort is recognized under Indiana law.[1]  Crown

Holdings rejoins that while Indiana courts may not have explicitly recognized the claim

of aiding and abetting a civil fraud, they have adopted Section 876 of the Restatement

(Second) of Torts concerning aiding and abetting for intentional torts such as fraud.

Accordingly, Crown Holdings argues that its claim against Berkley should not be

dismissed on the grounds that it is not a recognized claim under Indiana law.

A similar issue was addressed in *Abrams v. McGuireWoods LLP*, 518 B.R. 491

(N.D. Ind. 2014).  In *Abrams*, the court addressed whether Indiana recognizes aiding and

abetting breach of fiduciary duty as a cause of action.  Observing that Indiana courts

recognize liability for breach of fiduciary duty as well as aiding and abetting liability for

torts in general, the court determined that it would "not represent a departure for Indiana

courts to recognize aiding and abetting liability for the particular tort of breach of

fiduciary duty."  *Id.* at 499-500.

In analogous fashion, we are persuaded that even though it may not yet have

specifically recognized the cause of action of aiding and abetting civil fraud, the Indiana

Supreme Court would likely do so.  As in *Abrams* with regard to breach of fiduciary duty

claims, Indiana courts recognize liability for civil fraud claims.  *E.g.*, *Finney v.

Relphorde*, 612 N.E.2d 191 (Ind. Ct. App. 1993) (discussing the availability of treble

damages upon a finding of civil fraud under Indiana law).  Moreover, "Indiana courts

---

[1] Because this is a diversity case, Indiana law applies to the substantive claims.  *RLI Ins. Co. v. Conseco, Inc.*, 543 F.3d 384, 390 (7th Cir. 2008).

have adopted Section 876 of the *Restatement (Second) of Torts* concerning aiding and

abetting … for both intentional torts and negligence actions." *Pinkney v. Thomas*, 583 F.

Supp. 2d 970, 978-79 (N.D. Ind. 2008) (citations omitted).  Accordingly, although neither

party has pointed us to nor has our research revealed an Indiana case expressly

recognizing liability for aiding and abetting civil fraud, we believe it is likely that an

Indiana court would allow such a claim to go forward, and we therefore will not dismiss

Crown Holdings's claim against Berkley on this basis.

This does not end our inquiry, however.  Having determined that Indiana courts

would likely recognize a claim for aiding and abetting civil fraud, we turn next to

determine whether Crown Holdings has adequately pled such a claim.  For the reasons

detailed below, we find that it has not.  As Berkley argues, Crown Holdings has failed to

plausibly allege an underlying civil fraud claim and therefore cannot state an aiding and

abetting claim against Berkley.  In short, without the underlying fraud, there is nothing

that Berkley could be deemed to have aided and abetted.

To state a claim for fraud, a plaintiff must allege: "(1) a material misrepresentation

of past or existing facts; (2) made with knowledge or reckless ignorance of falsity; (3)

which caused the complainant to rely on the misrepresentation to the complainant's

detriment." *Ohio Farmers Ins. Co. v. Indiana Drywall & Acoustics, Inc.*, 970 N.E.2d

674, 684 (Ind. Ct. App. 2012).  The underlying fraud claim alleged here is brought

against Waldrip Development, Mr. Waldrip, and Unknown Defendant.  Crown Holdings

alleges that these defendants knew that the insurance proceeds were to be used

exclusively for repair of the post office, and rather than use those funds for that purpose,

5

Mr. Waldrip requested that the joint check issued by Berkley be cancelled and reissued as a single payee check payable to the Unknown Defendant.  Crown Holdings further alleges that, once Berkley did as requested, Waldrip Development, Mr. Waldrip, and/or Unknown Defendant misappropriated the insurance proceeds.

However, there is no allegation in the Amended Complaint that Waldrip Development, Mr. Waldrip, or Unknown Defendant at any point had communicated with Crown Holdings such that any of the three did make or could have made a material misrepresentation to Plaintiff nor is there any allegation that Crown Holdings relied to its detriment on any such misrepresentation, as required to state a claim for fraud under Indiana law.  Accordingly, because Crown Holdings has not framed an underlying claim for fraud, its claim against Berkley for aiding and abetting civil fraud cannot stand.

## III.    Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss is <u>GRANTED</u>.

IT IS SO ORDERED.


Date:      2/12/2016                          _Sarah Evans Barker_

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

6

Distribution:

Douglas Alan Hoffman
CARSON BOXBERGER
hoffman@carsonboxberger.com

Jeremy Michael Dilts
CARSON BOXBERGER
dilts@carsonboxberger.com

William Edward Skees
THE SKEES LAW OFFICE
ed@skeeslegal.com

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov